Miriam G. Sauer, a Feme Sole v. Commissioner. David E. Sauer and Svea Sauer v. Commissioner.
Miriam G. Sauer, Feme Sole v. Commissioner
Docket Nos. 39303, 39416.
United States Tax Court
1953 Tax Ct. Memo LEXIS 33; 12 T.C.M. (CCH) 1377; T.C.M. (RIA) 53394; December 7, 1953
*33 Miriam G. Sauer was divorced from David E. Sauer and has custody of their three children. She took dependency credits for the three children on her income tax return for 1949. David E. Sauer and Svea Sauer, his present wife, filed a joint return for 1949 and also took dependency credits for the three children. Respondent disallowed the credits taken by each. David E. Sauer transmitted $2,800 in cash to Miriam G. Sauer for the equal support of the three children during 1949. Including that amount, Miriam G. Sauer spent less than $5,600 for the equal support of the three children during that year. Held, David E. Sauer contributed more than one-half of the support of each of the three children during 1949 and is entitled to dependency credits for each. Yale B. Griffis, Esq., 207 Empire State Bank, Building, Dallas, Tex., for the petitioner in Docket No. 39303. T. M. Dalton, Jr., Esq., Rio Grande Building, Dallas, Tex., for the petitioners in Docket No. 39416. Paul M. Newton, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion These consolidated proceedings involve deficiencies in income tax for the year 1949, as follows: Docket No.
39416 David E. Sauer and Svea Sauer
$352.36
39303 Miriam G. Sauer
313.97
*34 The sole issue raised by the pleadings is which of the respective petitioners is entitled to dependency credits, for the year 1949, for the three children of David E. Sauer and Miriam G. Sauer by their former marriage. David E. Sauer and Svea Sauer have not contested respondent's disallowance of a $20 deduction for Federal excise tax. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein. Miriam G. Sauer (hereinafter referred to as Miriam) was divorced from David E. Sauer (hereinafer referred to as David) on or about January 15, 1947, and was an unmarried woman during the year 1949. She resided at Dallas, Texas, together with her mother and her three children. Her income tax return for 1949 was filed with the collector of internal revenue for the second district of Texas. David E. Sauer and Svea Sauer were husband and wife during 1949, residing in Kermit, Texas. They filed a joint income tax return with the collector of internal revenue for the second district of Texas. By the terms of the decree of divorce, Miriam was granted permanent custody of the three children born during her marriage to David. They are *35 Thomas Garrison Sauer, born July 5, 1937; Kristin Elizabeth Sauer, born January 30, 1941; and William Michael Sauer, born August 19, 1942; and were, respectively, 11, 7, and 6 years of age on January 1, 1949. During the year 1949, David paid $2,800 to the registry of the 68th Judicial District Court of Dallas County, Texas, pursuant to an order of said court; and this sum was transferred to Miriam to be used equally for the support of their three children. He also sent Easter baskets to each of the children, at a total cost of $25, and an additional expenditure of $3.75 was made for an item sent to Kristin sometime during that year. He claimed each of the three children as dependents on his income tax return for 1949. Miriam is an experienced nurse and an anesthetist. During the year 1949, she received a gross income of $4,800 from her profession, before the deduction of social security and withholding taxes. Living with her were her three children and, during the greater part of the year, her mother. She claimed each of these four as dependents on her income tax return for 1949. During 1949, Miriam made expenditures from the following sources of income: Salary, after withholding deductions
$4,596.60
Received from David E. Sauer
2,800.00
Savings - safety deposit box
1,000.00
Loan
1,000.00
Total
$9,396.60
*36 She paid most of her bills by check and either returned the original invoices to the payees, or destroyed them. She retained her check stubs and canceled checks as a record of her various purchases. During 1949 she purchased the following merchandise and services, equally for the benefit of herself, her mother, and her three children: Food
$1,618.19
Clothing
1,314.38
Toiletries
12.23
Cleaners
17.92
$2,962.72 The 3/5 portion of this total which was expended on the support of her three children amounted to $1,777.63. During 1949 she cashed 41 checks of $5, $10, and $15 denominations, aggregating $300, at a drug store and a grocery store. These sums were used to defray the children's expenses for school lunches, bus fares, and various incidentals. Miriam spent $552.16 for medical expenses and drugs for the three children during 1949. Miriam incurred expenses of $306.04 in the operation of her car during 1949. She used this car in traveling to and from work, about 50 per cent of the mileage being driven in this manner. It was used equally for the benefit of herself, her children, and her mother during the balance of the mileage driven. The children's proportionate *37 share of the expenses of operating the car for family purposes was $91.81. She made payments of $354.66 on the purchase of a piano, during 1949. She also issued various checks in payment of the following types of merchandise and services, in the aggregate amounts specified: Maid to care for children
$ 927.00
Private school tuition for Wil-
liam while ill
85.00
Toys, books, pets, gifts for
children
183.55
Music lessons
214.70
$1,410.25 This total of $1,410.25 was expended for the support of the children. Miriam purchased the house in which she, her children, and her mother live, in 1945. It is approximately 15 to 20 years old and its value is $13,000. During 1949 she paid the following bills arising out of the purchase and maintenance of this house. Mortgage - amortization
$ 476.89
Mortgage - interest
246.16
Property taxes
173.47
Repairs
150.50
Gas, water, and electricity
241.48
Fire insurance - house and fur-
niture
254.05
Gardener
33.73
$1,576.28
3/5 of the total, $1,576.28, is $945.77.
Miriam paid $973.63 in insurance premiums in 1949 for insurance on herself. During the year 1949, the three children were minors *38 and none of them earned or received any income, nor did any person other than Miriam or David contribute to their support. More than one-half of the amounts expended for the support of the three children during 1949 was furnished by David. Opinion RICE, Judge: We must determine which of two divorced parents is entitled to dependency credits for their three children for the year 1949. The respondent has disallowed the three dependency credits claimed by each on the respective income tax returns for that year. The burden is, therefore, placed on each parent to establish that he or she contributed more than one-half of the support of each child. Since no one other than the two parents contributed to the children's support and the children had no independent income, whichever parent establishes, in this consolidated action, that he or she contributed the greater amount to the support of each of the children, during the year 1949, is entitled to the dependency credits. Unquestionably, it has been far simpler for David to establish the amounts he contributed than it has been for Miriam to prove her share in the support of their three children during 1949. Other than a minor amount *39 spent for gifts, his contribution consists of the $2,800 which he paid to the registry of the court for transmittal to his former wife. Miriam has had to prove that her contribution exceeded his by showing the various amounts which she spent in the day-to-day support of the children. However, the record cannot support a finding that more than double the $2,825, which David contributed for the equal support of the three children, was actually spent on their support during 1949. The evidence which Miriam has submitted consists of canceled checks unsupported by any invoices to indicate the specific items purchased or for whom they were purchased. Her testimony that the checks for clothing, toiletries, and cleaners were in payment of purchases made exclusively for the benefit of the three children is not entirely convincing. Her testimony as a whole was that she was very conservative in the purchase of clothing for the children; yet she was unable to give any satisfactory explanation for the large amount ($1,314.38) she attributed to clothing purchases for the children. We feel that a more accurate estimate of the actual persons who benefited by these various expenditures would be made *40 by apportionment equally among the five members of the household, rather than solely among the three children. As to the $973.63 which Miriam paid for insurance on herself during 1949, such insurance payments cannot be considered an expense incurred in the support of one's children. Even though her children may have been named as the beneficiaries of the life insurance policies, their rights were entirely contingent. The present rights and benefits of the insured under these policies were too substantial to permit the conclusion that the payment of the premiums was an expense involved in the support of the children. Although the beneficiaries might ultimately receive the proceeds of the life insurance policies, this right would be contingent on their surviving the insured, continued payment of premiums by the insured, and the failure of the insured to change the designated beneficiaries. Moreover, the insured possessed a valuable asset in these policies for she most probably had the right to obtain their cash surrender value, to borrow on the policies, and to assign them. The primary purpose of the insured in purchasing life insurance may be to provide some measure of security for *41 his children, but during the lifetime of the insured it is the insured who possesses all the rights and benefits under such policies and it cannot be held that their cost is an expense incurred in the support of the contingent beneficiaries. Even assuming, without deciding, that the contentions of Miriam are correct as to the amounts spent on the piano and the house and as to the proportion of such amounts properly allocable to the support of the children, [1] the addition of such amounts to the amount [2] we have already determined to have been spent on the children, would bring her total expenditures for their support to only $5,432.28. Since David contributed $2,825, over one-half of this total, during 1949, he is entitled to dependency credits for each of the three children for that year. Decision will be entered under Rule 50. Footnotes
1. ↩
Piano
$ 354.66
House (3/5)
945.77
$1,300.43
2. ↩
Food, Clothing, Toiletries, and
Cleaners
$1,777.63
School Lunches, Bus Fares, etc.
300.00
Medical Expenses and Drugs
552.16
Car
91.81
Maid
927.00
Private School
85.00
Toys
183.55
Music Lessons
214.70
$4,131.85
1,300.43
$5,432.28